IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRIAN TYRONE SCOTT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 21-239-RAW-SPS |
| ) | |
| **JUDGE PANDEE RAMIREZ,** ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This action is before the Court on Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC), is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, challenging his state custody and requesting monetary relief in the form of "fines" for each day he is illegally held in state custody. The defendant is Judge Pandee Ramirez, a state district court judge for Okmulgee County, Oklahoma.

**Screening/Dismissal Standards**

When a prisoner files a civil rights complaint seeking relief from a governmental entity or an officer of employee of a governmental entity:

> . . . [T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). The Court "will not supply additional factual allegations

to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Plaintiff's Allegations**

Plaintiff alleges that on May 5, 2021, Judge Ramirez granted his application for post-conviction relief, based on lack of jurisdiction. His case, however, then was stayed for 30 days, pending the transmittal of his case to federal or tribal authorities. After the 30 days expired, Judge Pandee repeatedly continued the stay.

According to the DOC offender website at https://okoffender.doc.ok.gov, Plaintiff is serving his sentences in Okmulgee County District Court Case No. CF-2000-5044.[1] The Oklahoma State Courts Network at http://www.oscn.net indicates that the proceedings in this case have been scheduled for review on October 20, 2021.[2]

**Discussion**

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge

---

[1] The Court takes judicial notice of the Oklahoma Department of Corrections website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction.") (quotation and footnote omitted).  Because Plaintiff has not made this showing, Judge Ramirez is entitled to absolute judicial immunity.

Further, "a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).  If Plaintiff wants to pursue a claim for release from state custody, he can bring a habeas corpus proceeding after exhausting his available state court remedies.  Plaintiff may request a form for filing a habeas corpus petition from the Clerk of this Court.

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. 1915A(b)(1)-(2).  This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 27th day of August 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA