# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN TYRONE SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 21-239-RAW-JAR |
| PANDEE RAMIREZ, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, sued Okmulgee County District Court Judge Pandee Ramirez in this civil rights action filed pursuant to 42 U.S.C. § 1983, challenging his state custody and seeking monetary relief (Dkt. 5 at 1). He alleged he was granted post-conviction relief in Okmulgee County District Court Case No. CF-2000-5044, however, his criminal case repeatedly was stayed pending the transmittal of his case to federal or tribal authorities. *Id.* at 3.[1] On August 27, 2021, this action was dismissed for Plaintiff's failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who was immune from such relief, pursuant to 28 U.S.C. 1915A(b)(1)-(2). *Id.* at 4.

On September 10, 2021, Plaintiff filed in this case a motion for reconsideration

---

[1] According to the Oklahoma State Courts Network at www.oscn.net, on May 6, 2021, the Okmulgee County District Court entered an order granting Plaintiff's application for post-conviction relief based on lack of jurisdiction. On October 15, 2021, the State of Oklahoma filed in Plaintiff's criminal case a motion to vacate the agreed order for post-conviction relief, and on January 11, 2022, the agreed order for post-conviction relief was vacated. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

pursuant to Fed. R. Civ. P. 60(b)(4)[2] (Dkt. 9). Construing the motion liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds Petitioner's motion for reconsideration is a motion to alter or amend this Court's judgment pursuant to Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). "[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Plaintiff argues in his motion that Judge Ramirez had no legal authority to continue holding him in state custody, and he was not subject to retrial in state court (Dkt. 9). He also claims there is no evidence that the Muscogee (Creek) Nation or the federal government lodged a valid detainer with the Oklahoma Department of Corrections that would justify Plaintiff's being held in custody. Plaintiff further alleges that Judge Ramirez conspired with the state prosecutor by placing a stay on him, pending a ruling by the Oklahoma Court of

---

[2] A Rule 60(b)(4) motion seeks relief from a void judgment.

Criminal Appeals. He asks the Court to reconsider its Opinion and Order and to award him monetary damages.

The Court dismissed this action because Judge Ramirez "enjoy[s] absolute immunity from damages liability for acts performed in [her] judicial capacit[y]" (Dkt. 5 at 3) (citation omitted). A judge "will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 4 (citation omitted). Plaintiff was advised that to challenge the fact or duration of his confinement, "he must do so through an application for habeas corpus" after exhausting his state court remedies. *Id.* (citation omitted).

After careful review, the Court finds Plaintiff has not shown an intervening change in the applicable law, previously unavailable new evidence, or a need to correct clear error or to prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d at 1012. He, therefore, has failed to meet the requirements for relief under Fed. R. Civ. P. 59(e), and his motion for reconsideration (Dkt. 9) is DENIED.

On April 14, 2002, Plaintiff filed a second motion for reconsideration, asking for "a de novo review to show that Plaintiff is entitled to sue [Judge] Pandee Ramirez in her individual capacity because when she reimposed Plaintiff's sentence she previously vacated, she violated Plaintiff's Fifth (5) Amendment right to the United States Constitution and acted in clear absence of all jurisdiction" (Dkt. 13). He apparently is referring to events that occurred after dismissal of this civil rights action on August 27, 2021. Plaintiff is asking this Court to reconsider its dismissal of this action based on the subsequent decision by the state

district court to vacate the state order granting post-conviction relief. Because Plaintiff's second motion was filed more than 28 days after dismissal of this action, the Court construes Plaintiff's second motion for reconsideration as arising under Fed. R. Civ. P. 60(b) which states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A movant must show "extraordinary circumstances" to justify the reopening of his final judgment under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). After careful review, the Court finds Plaintiff has failed to show he is entitled to relief under Rule 60(b). Therefore, his second motion for reconsideration (Dkt. 13) is DENIED.

**ACCORDINGLY,** Plaintiff's motions for reconsideration (Dkts. 9 and 13) are

DENIED, and Plaintiff's motion for production of documents (Dkt. 8) is DENIED as moot.

**IT IS SO ORDERED** this 28th day of April 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA